IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BECKLEY DIVISION**

**KAVANAUGH COLEMAN,**

 **Petitioner,**

v.　　　　　　　　　　　　　　　　**Case No. 5:24-cv-00527**

**FCI BECKLEY WARDEN,**

 **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On September 26, 2024, Petitioner, proceeding *pro se*, filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Also pending is Respondent's Motion to Dismiss, filed September 26, 2025. (ECF No. 8). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

For the reasons outlined below, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, (ECF No. 8); Petitioner's § 2241 petition be **DENIED** as moot, (ECF No. 1); and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I. Relevant History

Petitioner, Kavanaugh Coleman, ("Petitioner"), filed his emergency § 2241 petition on September 26, 2024, while incarcerated at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"). (ECF No. 1, at 1). In his Petition, Petitioner alleges

1

that the Bureau of Prisons ("BOP") improperly refused to apply Petitioner's First Step Act ("FSA") and Residential Reentry Center ("RRC") credits to advance his release date. (ECF No. 1, at 1). Petitioner seeks application of the credits he is allegedly owed. (*Id.* at 3).

On October 23, 2024, this Court issued an Order directing Respondent to show cause within sixty days why the relief requested should not be granted. (ECF No. 5). On December 12, 2024, Respondent filed a Response to Order to Show Cause. (ECF No. 6). In it, Respondent argued that the Petition should be dismissed because (1) Petitioner failed to exhaust administrative remedies in relation to his claim; (2) Petitioner was not eligible to apply FSA credits due to his recidivism level classification; (3) the BOP's calculation of FSA is discretionary and not reviewable by the courts; (4) even were the BOP's calculation reviewable, it is entitled to deference in interpreting the FSA; (5) Petitioner's allegations related to his PATTERN score are non-cognizable; and (6) Petitioner does not have a protected liberty interest in being placed on home confinement or in a residential reentry center. (*Id* at 9–16).

On December 13, 2024, the Court directed Petitioner to file a response to the Respondent's filing within sixty (60) days, showing cause, if any, why the relief sought by Respondent should not be granted. (ECF No. 7). Petitioner failed to file a response, and according to the BOP Inmate Locator, Petitioner was released from BOP custody on or about May 13, 2025, while his Petition remained pending. (*Id.*). No updated address has been provided by Petitioner since his release.

On September 26, 2025, Respondent filed a Motion to Dismiss, seeking dismissal of the Petition as moot due to Petitioner's release. (ECF No. 8). The Court directed Petitioner to respond to Respondent's motion within sixty days by Order entered March 6, 2026. (ECF No. 9). Petitioner's copy of that Order was returned undeliverable on March

2

25, 2026, and the deadline to respond has now passed. (ECF No. 10). To date, Petitioner has not provided the Court with any updated address or filed any responses or additional pleadings to prosecute his case.

## II.    <u>Standard of Review</u>

It is well-settled that a prisoner must be in custody at the time she brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although her subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a petitioner, while incarcerated, files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral

consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

### III.    Analysis

In this case, Petitioner filed his § 2241 Petition on September 26, 2024, while he was incarcerated, seeking application of certain time credits to advance his release date. However, he was then released on May 13, 2025, thereby rendering his Petition moot.

Moreover, neither exception to the mootness doctrine applies here. Petitioner does not challenge his conviction; rather, he claims that the BOP failed to apply time credits in calculating his release date. (ECF No. 1). Where a petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant and release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability

4

that Petitioner will face the same set of sentencing circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

## IV.    Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**;

2. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** as **MOOT**; and

3. This case be removed from the Court's docket.

Petitioner is notified that the "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v.*

*Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Chief Judge Volk and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** May 8, 2026

Joseph K. Reeder
United States Magistrate Judge

6